1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GURPREET SINGH,<br><br>                     Petitioner,<br><br>v.<br><br>MOISES BECERRA, et al.,<br><br>                     Respondents. | Case No. 1:26-cv-00543-JLT-SKO<br><br>ORDER WITHDRAWING THE REFERENCE OF THE MATTER TO THE MAGISTRATE JUDGE AND GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

Gurpreet Singh is a federal immigration detainee with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is citizen of India who entered the United States on or about April 16, 2023, where he was encountered by federal immigration officials. (Doc. 1 at 4.) Petitioner was served with a Notice to Appear and subsequently released on his own recognizance on or about April 20, 2023. (*Id*. at 5.) Following his release from detention, Petitioner timely filed a Form I-589, Application for Asylum with the immigration court and maintained a clean criminal record. (*Id*.) On or about November 13, 2025, Petitioner was arrested when he appeared for a regularly

1    scheduled ICE check-in and is currently detained at the Golden State Annex Detention Facility in

2    McFarland, California. (*Id.*)

3      On January 22, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28

4    U.S.C. § 2241, asserting that his continued detention violates due process. (Doc. 1.) On February

5    23, 2026, Respondents filed motion to dismiss the Petition arguing that Petitioner's detention is

6    "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 10 at

7    1.) Respondents do not assert any other grounds for his detention, and it is not the Court's role to

8    manufacture arguments for the parties.

9            **II.    LEGAL STANDARD**

10     The Constitution guarantees that the writ of habeas corpus is "available to every

11   individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

12   (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

13   power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or

14   laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

15   in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R.*

16   *P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

17           **III.    DISCUSSION**

18     Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing

19   before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth

20   Amendment. (Doc. 1 at 7.)[1] To the extent that Respondents substantively address Petitioner's due

21   process argument, they deploy a blanket assertion that Petitioner is an "applicant for admission"

22   subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and therefore

23   categorically ineligible for a bond hearing. (Doc. 10 at 1-2.) Courts nationwide, including this

24   one, have overwhelmingly rejected Respondents' new legal position and found the DHS policy

25   unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D.

26   Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal.

---

27
28   [1] Petitioner also claims his unlawful detention constitutes a violation of the Immigration and Nationality Act, the Administrative Procedure Act. (Doc. 1 at 6-7.) Given that Petitioner's due process claim serves as the basis for relief and Petitioner's immediate release from detention, the Court declines to address Petitioner's additional claims.

Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.    CONCLUSION AND ORDER

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**

2.    Because the government has no evidence that Petitioner poses a risk of flight or poses a danger to the community, Petitioner **SHALL** be released **IMMEDIATELY** from DHS custody. DHS **SHALL NOT** impose any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a later custody hearing.

3.    Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from rearresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice[2] of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that he is likely to flee or pose a danger to the community if not arrested

4.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  __February 24, 2026__                              _____
                                                          UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28